**In re Jack Richard MASSONI, Mary Jane Massoni, Debtors.**

**Jack Richard MASSONI and Mary Jane Massoni, Plaintiffs,**

v.

**DISTRICT DIRECTOR OF INTERNAL REVENUE SERVICE and Jerold E. Berger, Trustee, Defendants.**

**Bankruptcy No. 80–40308. Adv. No. 80–0146.**

United States Bankruptcy Court, D. Kansas.

May 24, 1982.

G. Scott Nebergall, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for The Internal Revenue Service (IRS).

Chester A. Arterburn, Jr., of Sabatini, Waggener, Vincent, Arterburn & Hannah, Topeka, Kan., for debtors.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

The parties have both filed summary judgment motions on the issues of dischargeability under 11 U.S.C. §§ 507(a)(6), 523(a)(1) and computation of the Minimum Tax under 26 U.S.C. §§ 56–58, 172(d), 1202. The parties agree these issues involve undisputed facts and questions of law.

The issues presented for determination are:

1. Is the instant tax debt excepted from discharge under 11 U.S.C. § 523(a)(1) and § 507(a)(6)(A)(iii).

2. Under the provisions of the Minimum Tax, did the IRS properly apply the tax benefit rule in computing the debtors' 1976 tax liability.

3. Under the provisions of the Minimum Tax, did the debtors benefit from the use of capital gain deductions.

4. Can the debtors utilize 1976 capital gain deductions that exceeds their taxable income to offset and defer the payment of the minimum tax under 26 U.S.C. § 56(b) and § 58(h).

Both parties have submitted legal memoranda and the matter is ready for resolution.

## FINDINGS OF FACT

The parties agree that under 11 U.S.C. § 505, the Court has jurisdiction to determine the tax liability of the debtors.

The debtors sold their Kansas farm in 1976 and realized a net long term capital gain of $1,213,525.47. They signed their 1976 tax return April 12, 1977, apparently filed it April 15, 1977, and reported the following gross income:

| | |
|---|---:|
| Ordinary gain on farm sale | $ 94,990.97 |
| Wages | 5,029.65 |
| Dividends | 125.00 |
| Interest | 81.04 |
| Schedule C–Gross Income | 1,656.58 |
| Gross Royalties—gravel, oil, gas | 2,585.32 |
| Pasture Rent—Schedule E | 2,449.60 |
| Capital Gain on Farm Sale | 1,213,525.47 |
| Schedule F Income | 54,693.95 |
| TOTAL | $1,375,137.58 |

Their deductions other than the capital gain deduction (26 U.S.C. § 1202) were as follows:

| | |
|---|---:|
| Schedule C Expenses | $ 1,447.70 |
| Dividend Exclusion | 100.00 |
| Loss on Commodities | 4,936.13 |
| Depletion: gravel, oil, gas | 156.67 |
| Schedule F Expenses | 837,279.19 |
| Standard deduction | 2,100.00 |
| Personal Exemptions | 2,250.00 |
| NOL Carryover—1971 | 87,105.18 |
| NOL Carryover—1972 | 65,479.00 |
| TOTAL | $1,000,853.87 |

Thus, before using the capital gain deduction, the debtors had $374,283.71 of taxable income.

In 1976 the capital gain deduction allowed the debtors to deduct 50% of the amount that their net long term capital gain exceeded their net short term capital loss. The debtors were therefore allowed to deduct 50% of $1,208.589.34, or $604,294.67. Because their capital gain deduction of $604,294.67 exceeded their income of $374,-283.71, the debtors reported no taxable income for 1976. The debtors also attached the following statement to their tax return:

### "STATEMENT

JACK R. MASSONI   542–30–7006

The taxpayer is subject to no minimum tax on the capital gain deduction of $604,-294.67 due to the following arguments:

A. The taxpayer derived no tax benefits from the capital gain deduction. Code Section 58(a) provides: 'Regulations to include tax benefit rule.—The Secretary shall prescribe regulations under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer's tax under this subtitle for any taxable years.'

The general explanation of the Tax Reform Act for 1976 issued by the joint committee on taxation provides: 'There are certain cases where a person derives no tax benefit from an item of tax preference because, for example, *the item is disallowed as a deduction under other provisions of the Code . . . .* " Since the taxpayer had substantial net operating losses in prior years, has liquidated all of his assets and is approximately $200,-000.00 in debt and totally insolvent, he can derive no tax benefit from the capital gain deduction.

B. In the alternative, the minimum tax is unconstitutional because it is not an *income* tax within the meaning of the 16th Amendment of the Constitution. Also, the minimum tax may not be imposed as an excise tax since it is merely an attempted income tax which has failed its constitutional test and has imposed a direct pecuniary penalty upon property ownership."

On March 27, 1980 the debtors signed an assessment extension agreement, allowing the IRS to assess until December 31, 1980.

The debtors were audited and were notified by letter dated April 14, 1980 that their tax liability for the 1976 tax year should be adjusted in the amount of $54,642.56.

The debtors filed their chapter 7 bankruptcy petition on April 25, 1980. On July 8, 1980 the IRS notified the debtors of the deficiency in their income tax liability. The debtors filed a complaint to determine the dischargeability of the IRS debt on September 12, 1980. The debtors were discharged on September 25, 1980 except for the pending IRS litigation. The IRS did not file a proof of claim in the bankruptcy proceeding.

The IRS made an assessment against the debtors on December 11, 1980 for unpaid 1976 federal income taxes. The assessment was:

| | |
|---|---|
| Tax: | $54,642.56 |
| Interest: | 15,252.38 |
| | $69,894.94 |

In making its assessment the IRS determined that amounts utilized as capital gain deductions were tax preferences and subject to the "Minimum Tax" under 26 U.S.C. §§ 56–57. The IRS determined that of the debtors' potential $604,294.71 capital gain deduction, the debtors benefited from the use of $374,283.71, by using that amount to reduce their otherwise taxable income to zero. Thus the IRS determined that $374,-283.71 was of benefit to the debtors, reduced the debtors' tax, and was subject to the minimum tax. The IRS subtracted $10,000 (minimum tax exclusion), and taxed the remaining $364,283.71 at the minimum tax rate of 15%. The tax assessed was $364,283.71 $\times$ 15% = $54,642.56.

## CONCLUSIONS OF LAW

### 1.  Dischargeability

Under 11 U.S.C. § 523(a)(1)(A), all § 507(a)(6) priority taxes are excepted from

discharge *whether or not a claim for such tax was filed or allowed.* Thus, the failure of the IRS to file a proof of claim does not affect the debt's dischargeability.

Title 11 U.S.C. § 507(a)(6)(A)(iii) grants priority to income taxes *not assessed before, but assessable, under applicable law or by agreement, after commencement of the case . . . .* The minimum tax is an income tax. See, e.g., *Wyly v. United States,* 662 F.2d 397, 405 (5th Cir. 1981); *Goldberg v. Administrative Hearing Comm'n of Mo.,* 606 S.W.2d 176 (Mo.1980).

The legislative history of § 507(a)(6)(A)(iii) indicates priority is given to an income tax not assessed before the bankruptcy petition date, but which would still be permitted to be assessed under the applicable tax law. Thus, under the Internal Revenue assessment statute of limitations, the question is: could this tax have been assessed. 124 Cong. Rec. S17429 (Oct. 6, 1978); 124 Cong. Rec. H11112 (Sept. 28, 1978).

■ Under the Internal Revenue Code, 26 U.S.C. § 6501, assessments must be made within 3 years after the tax return was filed, 26 U.S.C. § 6501(a), unless the parties agree to an extension before the expiration of the three year time period. 26 U.S.C. § 6501(b)(4). The debtors filed their return on April 15, 1977. The agreement to extend the time for assessment was made on March 27, 1980 or within three years after the tax return was filed. Under the applicable Internal Revenue statute of limitations, this allowed the IRS to assess the tax until December 31, 1980. At the time the bankruptcy petition was filed on April 25, 1980 the tax in question was still "assessable." Therefore, the tax is entitled to priority treatment under 11 U.S.C. § 507(a)(6)(A)(iii) and is excepted from discharge under 11 U.S.C. § 523(a)(1).

The Court therefore holds the tax debt is not discharged and grants summary judgment to the IRS on the issue of the dischargeability of the tax debt.

### 2. Minimum Tax

■ The minimum tax, 26 U.S.C. § 56–58, is a constitutional income tax. *Wyly v. United States,* 662 F.2d 397 (5th Cir. 1981). See also *United States v. Darusmont,* 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981) (per curiam). The minimum tax was enacted by Congress,

> to eliminate those situations where tax-payers with large incomes paid little or no taxes because their incomes were derived from enumerated specialized sources.

*Zilber v. United States,* 585 F.2d 301, 303 (7th Cir. 1978). The minimum tax is imposed on *tax preference items,* including, [i]n *the case of a taxpayer other than a corporation, an amount equal to the net capital gain deduction for the taxable year determined under section 1202.* 26 U.S.C. § 57(a)(9)(A). Section 1202 net capital gain deductions are taxed under the minimum tax at a rate of 15% of the amount by which the deduction,

> . . . exceeds the greater of —
>
> *(1) $10,000, or*
>
> *(2) the regular tax deduction for the taxable year . . . .*

26 U.S.C. § 56(a). Under Section 1202 as it existed in 1976 the taxpayer was permitted to deduct from gross income 50% of the amount that *net-long term capital gain exceeds the net short term capital loss.* 26 U.S.C. § 1202. In the tax year of 1976, the debtors' section 1202 deduction was $604,294.67. Under 26 U.S.C. § 57(a)(9)(A), this amount was a tax preference item, and subject to a 15% minimum tax under 26 U.S.C. § 56(a).

The IRS, however, did not subject the entire $604,294.67 to the minimum tax. Rather the IRS applied the "tax benefit rule" and taxed only the portion of the capital gain deduction that resulted in a "tax saving." See *Alice Phelan Sullivan Corp. v. United States,* 381 F.2d 399, 401–02 (Ct.Cl.1967). Absent the capital gain deduction, the debtors had $374,283.71 of taxable income in 1976. The debtors utilized $374,283.71 of their $604,294.67 capital gain deduction to reduce their taxable income to

zero. The IRS assessed the minimum tax only against $374,283.71 asserting this portion of the total capital gain deduction benefited the debtors, because it resulted in a tax savings.

■ The Court agrees with the IRS. Though the debtors' attempt to argue they received no benefits from the use of the capital gain deduction, it is clear that absent the deduction, the debtors would have been liable for income taxes on gross income of over $374,000. By using their capital gain deduction, they were not liable for any tax on gross income. They therefore reduced and avoided taxes on over $374,000 of gross income. It thus appears the debtor did receive a monetary benefit from the use of a capital gain deduction.

The debtors also argue that until they utilize the portion of the $604,294.67 deduction over the $374,283.71, the minimum tax owed is offset by the unused portion of the capital gain deduction, and the payment of the minimum tax is deferred until the unused portion of the capital gain deduction is actually utilized.

Title 26 U.S.C. § 56(b)(1) provides:

*If for any taxable year a person—*

*(A) has a net operating loss any portion of which (under section 172) remains as a net operating loss carryover to a succeeding taxable year, and (B) has items of tax preference in excess of $10,000, then an amount equal to the lesser of the tax imposed by subsection (a) or 15 percent of the amount of the net operating loss carryover described in subparagraph (A) shall be treated as tax liability not imposed for the taxable year, but as imposed for the succeeding taxable year or years . . . .*

The 1202 capital gain deduction, however, cannot be used in computing carryover losses, 26 U.S.C. § 172(d)(2)(B), and for this reason was not intended to be used to defer the minimum tax. At least one circuit court has reached this holding. *Zilber v. United States,* 585 F.2d 301, 305–306 (7th Cir. 1978). See also S.Rep.No. 91–552, 91st Cong., 1st Sess., reprinted in [1969] U.S. Code Cong. & Ad.News 2148. The effect of

§ 56(b) and § 172(d) can be simply stated. If a taxpayer has a *net operating loss carryover,* the carryover offsets any minimum taxes owed, and

*[i]f in a succeeding year the net operating loss is applied to reduce income tax liability, the minimum tax will then be imposed . . . . If that [carryover] loss is never so employed, the [minimum] tax will be deferred permanently. However, the 50 percent deduction for net long term capital gain [26 U.S.C. § 1202] may not be used in computing net operating losses . . . .,*

*Zilber v. U.S.,* 585 F.2d *supra* at 304 (emphasis added), because only § 172 carryover losses can offset and defer the minimum tax, and capital gain deductions are not included in § 172 carryover losses.

■ Finally, the debtors argue that 26 U.S.C. § 58(h) affords them a basis for relief. Section 58(h) states:

*The Secretary shall prescribe regulations under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer's tax under this subtitle for any taxable years.*

This provision was passed in apparent approval of the Internal Revenue Service's efforts to apply tax benefit principals in this area. *Zilber v. U.S.,* 585 F.2d *supra,* at 306, n.18; S.Rep.No. 94–938, Pt. I, 94th Cong., 2nd Sess. 113–14 (1976), U.S.Code Cong. & Admin.News 1976, p. 2897.

As the debtors have pointed out, regulations under § 58(h) have not been promulgated. In the debtors' case, however, there has been an adjustment and tax benefit principles have been applied. The debtors' actual tax preference was $604,294.67. They used a portion of the $604,294.67 to reduce their taxes in 1976. This is the portion from which they benefited, and it is only this beneficial portion that the IRS taxed.

Therefore the Court holds the IRS has correctly computed the debtors' minimum tax liability under 26 U.S.C. §§ 56(b),

57(a)(9), 58(h), 172(d) and 1202, and the IRS motion for summary judgment is granted on this issue.

In summary, the Court holds the instant tax debt is nondischargeable and further grants judgment to the IRS in the amount of $69,894.94 plus additions according to law.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.