In re Walter M. CRAWFORD,
Jr., Debtor.

Walter M. CRAWFORD, Jr., Plaintiff,

v.

UNITED STATES of America,
INTERNAL REVENUE
SERVICE, Defendant.

Bankruptcy No. 89–10942–LK.
Adv. No. 91–1190–LK.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

May 1, 1992.

John H. Polk, Houston, Tex., for plaintiff.

William R. Leighton, U.S. Atty., Austin, Tex., for defendant.

## MEMORANDUM OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT FOR FEDERAL INCOME TAXES

LARRY E. KELLY, Chief Judge.

The trial was held on January 29, 1992 on the Debtor's Complaint to Determine Dischargeability of Debt for Federal Income Taxes. Based on the evidence and arguments of counsel, the court finds that the taxes at issue are not dischargeable in this bankruptcy case.

The court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 11 U.S.C. § 505(a). The court's findings of fact and conclusions of law are contained in the Memorandum Opinion and the court's judgment will be evidenced by a separate order of even date herewith.

## FACTUAL BACKGROUND

The Plaintiff/Debtor filed an adversary proceeding to determine the dischargeability of his federal income tax liabilities for the calendar years 1980, 1981, 1982, and 1983. The Defendant admitted in its Answer that the federal income tax liabilities for the years 1980, 1981, and 1982 were dischargeable. Therefore, only the dischargeability of the claim for unpaid 1983 federal income taxes is at issue. The Debtor does not contest the correctness of the amount due for the purpose of this proceeding.

The remaining facts are not disputed by the parties. Plaintiff/Debtor and his wife filed their joint 1983 federal income tax return on October 16, 1984, which was not timely. On their 1983 federal income tax return, the Plaintiff and his wife claimed deductions and credits derived from their investment in a partnership named Valley Cable. The partnership return for Valley Cable for the taxable year 1983 was filed April 16, 1984.

The Internal Revenue Service subsequently examined the 1983 partnership return for Valley Cable, and on March 16, 1987, issued a Notice of Final Partnership Administrative Adjustments (FPAA) to it wherein various deductions and credits were disallowed. On June 12, 1987, a petition was filed in the United States Tax Court on behalf of Valley Cable to contest the determinations set forth in the FPAA. That case is still pending.

Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code on April 3, 1989. Plaintiff's wife separately filed for relief under Chapter 7 on May 4, 1989. The Internal Revenue Service issued a notice of deficiency to the Plaintiff and his wife on March 29, 1990 with respect to the flow-through adjustments from Valley Cable related to the taxable year 1983. The Plaintiff and his wife filed a petition in the United States Tax Court on June 27, 1990, contesting the determinations with respect to the Valley Cable flow-through adjustments related to the taxable year 1983. That case is also still pending. Plaintiff herein received his discharge on August 15, 1989.

## ISSUE

The Debtor asks this court to find that his liability for an unpaid 1983 tax claim is a general unsecured claim which has been discharged. The IRS contends that the deficiency in the Plaintiff's 1983 federal income tax liability, derived from the partnership adjustments, is entitled to priority status under 11 U.S.C. § 507(a)(7)(A)(iii), as such liability was still assessable, by operation of law, upon the filing of the bankruptcy petition. Accordingly, it argues that the debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A).[1]

## DISCUSSION

Section 727(a) of the Bankruptcy Code provides authority for the Bankruptcy Court to grant a debtor a discharge in bankruptcy. Section 523 provides a list of debts that are excepted from that discharge. Section 523(a)(1)(A) excepts from discharge taxes of the kind set out in § 507(a)(7). Section 507 of the Bankruptcy Code specifies which claims have priority in payment in a bankruptcy case. The IRS relies on section 507(a)(7)(A)(iii) which provides a priority for:

1. 11 U.S.C. § 523(a)(1)(A) provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—

... a tax on or measured by income or gross receipts—(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, *not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;* (emphasis added)

The parties agree that the tax liability at issue is a tax on or measured by income or gross receipts. They also agree that this is a tax other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title. Although initially disputed, the Debtor now acknowledges that this tax was still assessable after the commencement of the case and is still assessable. The dispute lies in the interpretation of this clause in light of two separate Bankruptcy Court cases, which addressed the issue in factually similar situations, yet reached opposite conclusions in their rulings.

The case relied upon by the Plaintiff is *In re Doss*, a bankruptcy court opinion from the Eastern District of Arkansas.[2] The plaintiffs in that case were debtors in a Chapter 7 proceeding which was filed on July 7, 1982. The Internal Revenue Service filed a proof of claim, among others, for years 1976 through 1979, for income taxes which had not been assessed at the time the Chapter 7 petition was filed and which had still not been assessed at the time of the writing of the Court's opinion. The bankruptcy court interpreted Bankr. Code § 507(a)(6)(A)(iii) [now section 507(a)(7)(A)(iii)] such that the clauses following the first comma modify and relate to the first clause. The court then concluded that the unassessed taxes were not entitled to priority status.

It is difficult to read Doss and understand the interpretation of the relevant Code section. However, the Bankruptcy Court for the Northern District of Ohio explained it best when it stated,

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed; ...

2. 42 B.R. 749 (Bankr.E.D.Ark.1984)

"the *Doss* court held that Section 507(a)(6)(A) contained its own exclusions; namely, taxes of a kind specified in Section 523(a)(1)(B), and that merely because a tax was still 'assessable' as of the date of the filing of the Title 11 petition did not mean that a tax excluded from the nondischargeability provision of Section 523(a)(1)(B)(ii) was, nonetheless, nondischargeable under Section 507(a)(6)(A)(iii)."

*Matter of Longley*, 66 B.R. 237, 241 (Bankr.N.D.Ohio 1986)

In the *Longley* case, the Ohio bankruptcy court found that its facts were distinguishable from the facts in *Doss*, and held that if the taxes in question were still assessable after commencement of the case, then they were entitled to priority under Section 507(a)(7)(A)(iii) and therefore were nondischargeable under Section 523(a)(1)(A). In researching the issue, this court has found no cases that follow the court's holding in *Doss*.

On the other hand, several cases follow the the the holding of *Longley*.[3] *In re Crist*, a well-reasoned opinion from the Bankruptcy Court for the Northern District of Iowa, held that the debtors' taxes at issue in this case were not within the exceptions of section 507(a)(7)(A)(iii). *In re Crist*, 85 B.R. 807 (Bankr.N.D.Iowa 1988) Therefore, if the taxes were still assessable, they were nondischargeable.

The Crists filed their petition in bankruptcy on June 16, 1986. A discharge was entered October 7, 1986 and the final decree was entered December 10, 1987. By certified letter dated December 19, 1986, the Internal Revenue Service informed the Crists that the IRS had determined deficiencies for tax years 1975, 1976, 1978, 1979, 1981 and 1982. The Debtors filed a complaint to determine dischargeability of the IRS claims.

The Crists urged the court to follow the holding of the Doss case. However, the court rejected the Doss court's interpretation of § 507(a)(7)(A)(iii) and stated:

The better interpretation of section 507(a)(7)(A)(iii) is that sections 523(a)(1)(B) and 523(a)(1)(C) are exceptions to subdivision (iii) only. If the exceptions do not apply and the tax is still assessable, the tax would be entitled to priority under section 507(a)(7)(A)(iii). [citations omitted] Further, if a tax meets one of the exceptions, it would be nondischargeable but it would not be entitled to priority under section 507(a)(6). [citation omitted]

*In re Crist*, 85 B.R. at 812.

It is this court's determination that the holding of the Crist case is correct. Sections 523(a)(1)(B) and 523(a)(1)(C) are the only exceptions to section 507(a)(7)(A)(iii). The parties in this case have conceded that those exceptions do not apply on these facts. Furthermore, the parties conceded that the 1983 taxes were still assessable at the time of the filing of the bankruptcy petition and are still assessable. Therefore, the 1983 taxes have priority status pursuant to section 507(a)(7)(A)(iii). Because the taxes are taxes of the kind specified in section 507(a)(7), they are also nondischargeable pursuant to section 523(a)(1)(A).

The Plaintiff's 1983 tax liability is not dischargeable in this bankruptcy proceeding. A separate judgment of even date herewith shall be entered evidencing this court's ruling in favor of the Defendant.

---

**3.** *In re Massoni,* 20 B.R. 416 (Bankr.D.Kan.1982) ("At the time the bankruptcy petition was filed on April 25, 1980 the tax in question was still 'assessable.' Therefore, the tax is entitled to priority treatment under 11 U.S.C. § 507(a)(6)(A)(iii) [now Section 507(a)(7)(A)(iii)] and is excepted from discharge under 11 U.S.C. § 523(a)(1)."). See also *In re Treister,* 52 B.R. 735 (Bankr.S.D.N.Y.1985)