**In re Dewey Lee FRANKLIN and Shirley Franklin, Debtors.**

**Dewey Lee FRANKLIN and Shirley Franklin, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 85–01060–R.
Adv. No. 87–0089–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 21, 1987.

Hudson Branham, Richmond, Va., for plaintiffs.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This cause comes on to be considered by motion of defendant, I.R.S., for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and by memoranda of the I.R.S. filed May 4, 1987 and June 1, 1987 in support of the motion, and by memoranda of plaintiffs, Dewey Lee Franklin and Shirley Franklin, of counsel, filed May 8, 1987 and June 11, 1987 in opposition to said motion. Rule 56(c) of the F.R.C.P. provides that the moving party is entitled to summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law.

The uncontroverted facts establish that: the plaintiffs, Dewey Lee Franklin and Shirley Franklin, timely filed their 1981 federal income tax return on or before April 15, 1982; the I.R.S. mailed the plaintiffs a notice of deficiency pursuant to § 6212(a) of the Internal Revenue Code on March 4, 1985; the plaintiffs did not file with the United States Tax Court for redetermination of said tax deficiency as was their right pursuant to § 6213(a) of the Internal Revenue Code; and the plaintiffs filed for Chapter 7 bankruptcy on July 8, 1985.

As a matter of law the plaintiffs' 1981 tax return was deemed filed on April 15, 1982. 26 U.S.C. § 6501(b)(1) (1982). Accordingly, § 6501(a) of the Internal Revenue Code ("I.R.C.") afforded the I.R.S. three years from April 15, 1982 to assess any deficiency of taxes owed by the plaintiffs. Pursuant to § 6503(a)(1) of the I.R.C., the mailing of a Notice of Deficiency tolled the three year period of limitations for tax assessment for ninety (90) days during which time the I.R.S. was barred from making any further assessment against the plaintiffs. Further, the period of limitation was extended for an additional sixty (60) days during which time an assessment could be made by the I.R.S. 26 U.S.C. § 6503(a)(1) (1982). Accordingly, the three year period of limitations was lengthened by a total of 150 days (90 days plus 60 days). *In re Leonard E. Treister*, 52 B.R. 735, 736 (Bankr.S.D.N.Y.1985). Because the period of limitations was tolled, the plaintiffs' bankruptcy case was filed before the period of limitations for assessment of tax deficiency had expired.

Section 523(a)(1)(A) of the Bankruptcy Code excepts from discharge those debts for tax liabilities within the purview of § 507(a)(7)(A)(iii) of the Bankruptcy Code. Included in § 507(a)(7)(A)(iii) are taxes that were not assessed before but were assessable, under applicable law, after the commencement of the bankruptcy case. Because the period of limitations was tolled, the plaintiffs' taxes were still assessable after the time the debtors, Dewey Lee Franklin and Shirley Franklin, filed a petition for bankruptcy on July 8, 1985. *In re Massoni*, 20 B.R. 416, 419 (Bankr.D.Kan. 1982). *See Id.*

It is the finding of this Court that the debtors' deficient taxes fall within the priority status of § 507(a)(7)(A)(iii), and therefore, became nondischargeable under § 523(a)(1)(A) of the Bankruptcy Code.

■ Additionally, it has been determined that the plaintiffs had the opportunity to file with a United States Tax Court for redetermination of their tax deficiency, and further, that plaintiffs' request for this Court to redetermine said tax deficiency was not plead in their complaint. Therefore, this Court should decline to consider the allegation of faulty assessment by the I.R.S. Therefore, it is hereby

ORDERED that defendant's motion for summary judgment is in all respects granted.