**In re Raymond H. WOOD, Jr., DDS, a/k/a Ray Wood, Debtor.**

**Raymond H. WOOD, Jr., DDS, a/k/a Ray Wood, Plaintiff,**

v.

**UNITED STATES of America, Acting through the Internal Revenue Service, Defendant.**

Bankruptcy No. 86–1172–BKC–3P7.
Adv. No. 86–341.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 16, 1987.

Lisa C. Cohen, Keystone Heights, Fla., for plaintiff.

Clinton W. Marrs, Washington, D.C., Charlotte Sennot, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Upon evidence adduced, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The Chapter 7 debtor, Raymond H. Wood, Jr., DDS, a/k/a Ray Wood, is the plaintiff in this adversary proceeding. The United States of America is both the defendant in this proceeding and a claimant in the main case.

2. The plaintiff commenced this adversary proceeding by filing a complaint to determine the dischargeability of his debts for unpaid federal individual income taxes for the years 1979 through 1982, inclusive. The United States filed its answer admitting that the plaintiff's debts for unpaid federal income taxes for the years 1979 through 1981, inclusive, are dischargeable. The United States denied that the debts for unpaid federal income taxes for the year 1982 are dischargeable and alleged that the debts are excepted from discharge by §§ 523(a)(1)(A) and 507(a)(7)(A)(i) of the Bankruptcy Code (11 U.S.C.).

3. The material facts are not in dispute. In his response to the request for admissions propounded by the United States the plaintiff admitted that his accountant applied to the Internal Revenue Service for two consecutive extensions of the time in

which to file his Form 1040 U.S. Individual Income Tax Return ("Form 1040") for the year 1982. The Internal Revenue Service approved the first application for an extension and extended the filing due date to August 15, 1983. The Internal Revenue Service approved the plaintiff's subsequent application for a further extension and extended the filing due date to October 15, 1983. The plaintiff thereafter filed his Form 1040 for the year 1982 on October 7, 1983.

4. The Plaintiff filed his petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.) on October 10, 1986. The Department of Treasury, Internal Revenue Service, on behalf of the United States, made a proof of claim dated November 20, 1986 against the bankruptcy estate in the amount $174,741.91. The proof of claim asserts a secured claim for unpaid federal individual income taxes due for the years 1980 through 1982, inclusive, as follows:

| Kind of Tax | Year | Date Tax Assessed | Tax Due | Penalty To Petition Date | Interest To Petition Date | Notice of Tax Lien Filed Date Location |
|---|---|---|---|---|---|---|
| Income | 1980 | 03/05/84 | $11,930.42 | $ 1,880.04 | $12,132.08 | 01/14/85 Marion County |
| Income | 1981 | 11/15/82 | 31,578.00 | 8,081.10 | 26,100.17 | 06/02/83 Marion County |
| Income | 1982 | 11/21/83 | 45,127.25 | 13,858.67 | 24,054.18 | 01/16/84 Marion County |

5. After the United States filed its answer alleging that the plaintiff's debts for unpaid federal income taxes for the year 1982 are excepted from discharge by §§ 523(a)(1)(A) and 507(a)(7)(A)(i) of the Bankruptcy Code, the Court granted the plaintiff's motion for leave to reply to the answer. In his reply, the plaintiff challenged the constitutionality of §§ 523(a)(1)(A) and 507(a)(7)(A)(i), contending that the classifications of dischargeable and nondischargeable tax debt made by these statutes deprived the plaintiff of his rights of due process and equal protection of the laws in violation of the Fifth Amendment to the United States Constitution. The plaintiff contended further that the classifications also violated the Bankruptcy Clause of Article I, Section 8, clause 4 of the United States Constitution.

## CONCLUSIONS OF LAW

a. Dischargeability.

■ 1. The threshold issue presented is whether the plaintiff's debt for unpaid federal individual income taxes for the year 1982, together with penalties and interest thereon as provided by law, is subject to discharge by operation of § 727 of the Bankruptcy Code or whether the debt is excepted from discharge by §§ 523(a)(1)(A) and 507(a)(7)(A)(i) of the Code. If the debt is excepted from discharge the question then presented is whether the classifications of nondischargeable tax debt in §§ 523(a)(1)(A) and 507(a)(7)(A)(i) deprive the plaintiff of his rights of due process and equal protection of the laws in violation of the Fifth Amendment to the United States Constitution or violate the Bankruptcy Clause of Article I of the Constitution.

2. Section 727 of the Bankruptcy Code (11 U.S.C.) states, *inter alia*, that the Court "shall grant the debtor a discharge, unless" any one of ten conditions enumerated in Section 727 are met. A discharge under § 727, however, does not discharge an individual debtor from a debt which the Bankruptcy Code excepts from discharge. Under § 523(a)(1) of the Code an individual's debts for certain taxes are excepted from the § 727 discharge. Hence, these tax debts are nondischargeable. Section 523(a)(1) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this

title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]

11 U.S.C., § 523(a)(1).

3. Section 507(a)(7)(A) provides as follows:

(a) The following expenses and claims have priority in the following order:

*　*　*　*　*　*

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after the commencement of the case[.]

11 U.S.C., § 507(a)(7).

Section 507(a)(7)(A) is disjunctive: it classifies an unsecured claim for an unpaid income tax as a seventh priority claim on three alternative grounds. 11 U.S.C. § 102(5) ("In this title * * * 'or' is not exclusive"); *In re Easton*, 59 B.R. 714, 716–17 (Bankr.C.D.Ill.1986). Section 507(a)(7)(A) does not impose a mutually exclusive choice between the three alternatives. Hence, an unsecured claim for an unpaid income tax of the kind specified in § 507(a)(7)(A)(i) is a nondischargeable claim. *In re Coleman American Moving Services, Inc.*, 20 B.R. 267, 269 (Bankr.D. Kan.1981).

4. In the case *sub judice*, to the extent that the claim of the United States for the plaintiff's unpaid federal individual income taxes for the year 1982 is unsecured, the claim is a seventh priority claim under § 507(a)(7)(A)(i). The plaintiff's debt for the taxes, therefore, is excepted from discharge under § 523(a)(1)(A) as a debt for taxes of the kind and for the periods specified in § 507(a)(7)(A)(i).

5. Section 6081(a) of the Internal Revenue Code (26 U.S.C.) provides that the Secretary of the Treasury "may grant a reasonable extension of time for filing any return * * * required by this title or by regulations." Except for taxpayers who are abroad, no extension may be granted for more than six months. *Id.* Treasury Regulation § 1.6081–4(a)(1) provides an automatic four-month extension of time to file an individual tax return "for any taxable year ending on or after December 31, 1982." For taxable years ending on or before December 31, 1981, Treas.Reg. § 1.6081–4 provided for an automatic two-month extension. The four-month automatic extension for 1982 and after was added to the treasury regulations by Treasury Decision 7885, 1983–1 C.B. 338, which amended Treas.Reg. § 1.6081–4 expressly "so as to extend the present two-month automatic extension * * * to a four-month automatic extension." *Id.*, 1983–1 C.B. at 338. After receiving a four month extension, and in conformity with the mandate of § 6081(a), that no extension of more than six months shall be granted, the plaintiff applied for and received an additional two

month extension of time in which to file his 1982 return. This additional extension ran to October 15, 1983. The plaintiff's Form 1040 income tax return for the year 1982, therefore, was "last due, including extensions," on October 15, 1983. The plaintiff filed his petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 1986. The last due date of the return—October 15, 1983—is within the three year period immediately preceding the date of the filing of the bankruptcy petition—October 10, 1986. It follows, therefore, that the claim of the United States for the 1982 income taxes, penalties and interest is a seventh priority claim (to the extent that it is unsecured) and is nondischargeable. 11 U.S.C. §§ 523(a)(1), 507(a)(7)(A)(i); *In re Gerulis*, 56 B.R. 283, 286 (Bankr.D.Minn. 1985); *In re Resnick*, 52 B.R. 90, 92 (Bankr.D.Mass.1985); *In re Coleman American Moving Services, Inc.*, 20 B.R. at 269; *In re Hammerer*, 18 B.R. 524, 525 (Bankr.E.D.Wis.1982).

### b. Constitutionality.

6. The plaintiff attacks this result by challenging the constitutionality of the classification of individual debtors according to the dischargeability of their federal income tax debt.

Under §§ 523(a)(1)(A) and 507(a)(7)(A)(i) the federal income tax liabilities of an individual debtor are nondischargeable if the last due date of the return, including extensions, falls within the three year period preceding the date on which the debtor filed the bankruptcy petition. For purposes of §§ 523(a)(1)(A) and 507(a)(7)(A)(i), the due date of the return is dispositive and the date the return is actually filed is immaterial. *In re Gerulis*, 56 B.R. at 286. See *S.Rep. No. 95–598*, 95th Cong., 2d Sess. 1, 70, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5856 [hereinafter cited as "Senate Report"]. The plaintiff is a member of this class of debtors.

Under § 523(a)(1)(B)(ii) of the Bankruptcy Code, the federal income tax liabilities of an individual debtor are nondischargeable if the debtor files the return after its due date without first obtaining an extension of time in which to file and if the actual filing date of the return falls within the two year period immediately preceding the bankruptcy petition filing date. For purposes of § 523(a)(1)(B)(ii), the actual filing date of a delinquently filed return is dispositive. Under this statute the income tax liabilities of an individual debtor who delinquently files the return more than two years before the bankruptcy petition filing date are dischargeable if the due date of the return falls outside the three year period immediately preceding the petition date. The plaintiff's constitutional challenge centers on his contention that these nondischargeability statutes irrationally discriminate against a debtor, like himself, who timely files a tax return, the due date of which is extended into the aforementioned three year period, by classifying his tax liabilities as nondischargeable, and irrationally prefers the debtor who files a return sufficiently late by classifying his tax liabilities as dischargeable.

7. The law is well settled that a statute of Congress enjoys a presumption of constitutionality. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). As the party contending that §§ 523(a)(1)(A) and 507(a)(7)(A)(i) are unconstitutional, the plaintiff *sub judice* bears the burden of overcoming the presumption. *Id.; In re Golden*, 16 B.R. 580, 581 (Bankr.S.D.Fla. 1981).

8. In *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) the United States Supreme Court held that bankruptcy law is economic legislation, *id.* at 446, 93 S.Ct. at 638, and that "[t]here is no constitutional right to obtain a discharge of one's debt in bankruptcy," *id.* Since the benefit of relief under the bankruptcy laws of the United States is "a legislatively created benefit, not a constitutional one," *id.* at 447, 93 S.Ct. at 639, the Supreme Court concluded that a classification of debtors by bankruptcy law does not violate a debtor's Fifth Amendment due process rights, including equal protection, if the classification is rationally related to a legitimate government interest, *id.* at 446–48, 93 S.Ct. at 638–39. Under the "rational relationship" test, a court reviewing the constitutionality of a classification strikes

it down only if the classification is without any reasonable basis. *Shapiro v. Thompson*, 394 U.S. 618, 638 n. 20, 89 S.Ct. 1322, 1333 n. 20, 22 L.Ed.2d 600 (1969); *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed.2d 369 (1911).

9. The plaintiff bears the burden of showing that the challenged statutes are not rationally related to any legitimate governmental interest. See, e.g., *In re Golden*, 16 B.R. at 581. The plaintiff has not met this formidable burden. The rational basis for the Bankruptcy Code's provisions dealing with the nondischargeability of certain income taxes is readily apparent. As noted in *In re A.H. Robins Co., Inc.*, 59 B.R. 99 (Bankr.E.D.Va.1986), "[w]hether or not Congress has abided by the rational basis test can be determined by a review of the legislative history and previous statutory enactments." *Id.* at 103. To begin with, the nondischargeability of certain taxes has long been a feature of the public policy expressed in the federal bankruptcy laws. See *Bankruptcy Act* §§ 17a(1), 64a(4). The Bankruptcy Reform Act of 1978 reaffirms the public policy that certain classes of federal, state, and local taxes should be nondischargeable in bankruptcy. The House Committee on the Judiciary succinctly expressed the rationale of this policy, stating that "[a]n open-ended dischargeability policy would provide an opportunity for tax evasion through bankruptcy, by permitting discharge of tax debts before a taxing authority has an opportunity to collect any taxes due." *H.Rep. No. 95-595*, 95th Cong., 2d Sess. 1, 190, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6150 [hereinafter cited as House Report].

An understanding of how the challenged statutes operate and the legislative history of the Bankruptcy Reform Act of 1978 make it manifestly clear that the statutes at issue herein are the product of a sensible and considered balancing of the competing interests of the debtor in obtaining a "fresh start," the interests of the general unsecured creditors in sharing in the distribution of dividends from the bankruptcy estate, and the interests of the United States in collecting income taxes due.

10. Under §§ 523(a)(1)(A) and 507(a)(7)(A)(i), federal income taxes due with respect to a return the last due date of which is within three years of the bankruptcy petition filing date are accorded a seventh priority in distribution and are made nondischargeable. This coupling of priority status and nondischargeability balances the debtor's interest in a "fresh start" and the interests of the United States in collecting taxes due. Because the tax liabilities are accorded priority in distribution, a greater portion of the assets of the bankruptcy estate are available for satisfaction of the unpaid taxes. Because the tax liabilities are nondischargeable, the United States may seek to collect the balance of the unpaid taxes out of the debtor's post-petition property after the bankruptcy case is concluded. These provisions, therefore, promote the collection of taxes while minimizing the debtor's exposure post-petition to liability for unpaid taxes. By operation of §§ 523(a)(1)(A) and 507(a)(7)(A)(i), Congress intended to protect the vital governmental interest in the collection of internal revenue due while simultaneously enhancing the debtor's interest in a "fresh start." *House Report* at 190, reprinted in 1978 U.S.Code Cong. & Admin.News at 6150.

11. Under § 523(a)(1)(B)(ii), federal income taxes due with respect to a delinquently filed return whose last due date, with or without extensions, was more than three years before the bankruptcy petition filing date are not accorded a priority in distribution, but are made nondischargeable if the return was filed within two years preceding the commencement of the bankruptcy case. As with §§ 523(a)(1)(A) and 507(a)(7)(A)(i), § 523(a)(1)(B)(ii) is the product of Congress' balancing of competing interests. Because the tax liabilities are more than three years old, the equities as Congress found them dictate that the United States should not be given priority status at the expense of the general unsecured creditors. See generally *House Report* at 186, 363, reprinted in 1978 U.S.Code Cong. & Admin.News at 6147, 6319. Yet, on the other hand, because the debtor delinquently filed a return and commenced a

bankruptcy case within two years thereafter, the equities as Congress found them dictate that the taxes should be nondischargeable. The uncoupling of priority status and nondischargeability in this context derogates from the debtor's interest in a "fresh start" but preserves the interest of the United States in collecting taxes due. Congress implicitly found this result to be justified, however, inasmuch as the debtor delinquently filed the tax return. See E.M. Corbin, *The Tax Collector and the New Bankruptcy Code,* Comm.L.J. 277, 281 (Aug./Sept. 1981).

12. In framing his constitutional attack, the plaintiff focuses on the time periods which §§ 523(a)(1)(A) and 523(a)(1)(B)(ii) prescribe as bright line tests for nondischargeability. These time periods, however, play an important role in the balancing of interests. The three and two year bright line tests are intended to facilitate the determination as to which taxes are dischargeable and those which are not. See *House Report* at 129, 190, reprinted in 1978 U.S.Code Cong. & Admin.News at 6090, 6151. Secondly, the fixing of the time periods is intended to provide the United States with a reasonable time in which "to pursue delinquent debtors and obtain secured status." *Id.* at 190, reprinted in 1978 U.S.Code Cong. & Admin.News at 6150. As Congress expressly observed with respect to § 507(a)(7)(A)(i), "[b]ecause of the difficulty of auditing and collecting income taxes, the priority is left at three years." *Id.,* reprinted in 1978 U.S.Code Cong. & Admin.News at 6151. Hence, in the case of timely filed tax returns, the Bankruptcy Code prefers the interests of the United States as a tax creditor only if the United States acts diligently: tax liabilities reported on a timely-filed, nonfraudulent return more than three years old are not given priority status in derogation of the general unsecured creditors and are dischargeable, to the manifest benefit of the debtor.

13. In the case of § 523(a)(1)(B)(ii), on the other hand, the United States is given two years from the date on which a return is delinquently filed to pursue the debtor and collect the taxes due with respect to the return. By virtue of this rule the United States is protected against the internal revenue loss occasioned by the discharge in bankruptcy of taxes shown on a delinquently-filed, nonfraudulent return if the United States had two years or less *after receipt* of the delinquently filed return in which to collect the taxes. This rule prevents a debtor who has filed a delinquent tax return for taxable years more than three years old from avoiding liability for the delinquent taxes by commencing a bankruptcy case within two years after the return is delinquently filed. If the taxes are more than three years old, the bankruptcy estate will not be burdened by them, to the benefit of the general unsecured creditors. Nor are the general unsecured creditors burdened by the debtor's wrong of delinquently filing the tax return. Rather, where the United States has less than two years before the debtor's commencement of a bankruptcy case to collect the delinquent taxes, the burden of those taxes falls upon the debtor. This result is entirely appropriate, especially in light of the fact that the debtor controls the timing of the relevant events—of the delinquent filing of his tax return and of the filing of his petition for relief under the Bankruptcy Code.

14. In short, the Court concludes that the reasonableness of the legislative scheme built into §§ 523(a)(1)(A) and 507(a)(7)(A)(i), and § 523(a)(1)(B)(ii) is evident when the nondischargeability provisions are viewed as a mechanism for reconciling the competing interests of the debtor in obtaining a "fresh start," the interests of the general unsecured creditors in sharing in the bankruptcy estate, and the interests of the United States in collecting the internal revenue. The Constitution does not demand "that a statute necessarily apply equally to all persons." *Rinaldi v. Yeager,* 384 U.S. 305, 308, 86 S.Ct. 1497, 1499, 16 L.Ed.2d 577 (1966) (citation omitted). Nor does the Constitution require things which are different in fact to be treated in law as though they were the same; thus, "legislation may impose special burdens upon defined classes in order to achieve permissible ends." *Id.* It is hardly plausible that, as the plaintiff contends, this legislative scheme is arbitrary

and capricious and bears no rational relation to any governmental interest. Because the classifications made by the nondischargeability statutes are rationally related to a legitimate governmental interest, the Court must uphold the constitutionality of 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(7)(A)(i).

15. The plaintiff's contention that the classifications made by the nondischargeability statutes also violate the Bankruptcy Clause of Article I of the United States Constitution is equally without merit. The Bankruptcy Clause states that "The Congress shall have Power * * * To establish * * * Uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const., article I, § 8, cl. 4. In this clause, the plaintiff purports to find a basis for renewing his contention that the nondischargeability provisions referred to above are unconstitutionally "unfair." The Bankruptcy Clause, however, "neither recognizes nor grants individual rights." *McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 926 n. 22 (5th Cir.1977). As the United States Supreme Court stated, the Bankruptcy Clause "is not a strait jacket that forbids Congress to distinguish among classes of debtors * * *." *Railway Labor Executives' Assn. v. Gibbons*, 455 U.S. 457, 469, 102 S.Ct. 1169, 1176, 71 L.Ed.2d 335 (1982). Sections 523(a)(1) and 523(a)(1)(B)(ii) apply uniformly to the class of debtors defined in each statute, and, accordingly, do not violate the Bankruptcy Clause.

16. In his briefs and argument at trial, the plaintiff asserted that the classifications of nondischargeable tax debt at issue herein unconstitutionally deny him access to the bankruptcy court. In noting that this court's doors are in fact open to the plaintiff and that the plaintiff may obtain the benefit of the discharge of his debts for unpaid federal income taxes for the years 1979 through 1981, which the United States has conceded, this Court concludes that the plaintiff's assertion is wholly without merit.

17. The Court concludes that the plaintiff's debts for unpaid federal income taxes and penalties and interest thereon as provided by law for the years 1979 through 1981, inclusive, are dischargeable to the extent that the claim of the United States for said debts is an unsecured claim.

18. The Court concludes that the plaintiff's debt for unpaid federal individual income taxes and penalties and interest thereon as proved by law for the year 1982 is excepted from discharge by §§ 523(a)(1)(A) and 507(a)(7)(A)(i) to the extent that the claim of the United States for said debt is an unsecured claim.

19. Sections 523(a)(1)(A) and 507(a)(7)(A)(i) neither unconstitutionally deny the plaintiff due process or equal protection of the laws under the Fifth Amendment to the United States Constitution nor violate the Bankruptcy Clause of Article I of the United States Constitution nor deprive the plaintiff of access to the courts.

20. The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052, Bankruptcy Rules of Procedure and Rule 52(a), Federal Rules of Civil Procedure. A separate order shall be issued.