**In re Fred WINES, Debtor.**

**Fred WINES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 90–14719–BKC–SMW.
Adv. No. 90–0503–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 14, 1991.

Arthur S. Weitzner, Miami, Fla., for plaintiff.

A.B. Phillips, U.S. Dept. of Justice, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Fred Wines (the "debtor") against the United States of America (the "creditor") to determine the dischargeability of certain tax deficiencies pursuant to 11 U.S.C. § 523(a)(1) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

On March 2, 1989, the debtor was served with a Notice of Deficiency by the Internal Revenue Service pursuant to section 6212 of the Internal Revenue Code. 26 U.S.C. § 6212 (1990). The notice asserted that the debtor owed the Internal Revenue Service a tax deficiency for the tax year 1984 in the amount of $670,135.00, a deficiency for the tax year 1985 in the amount of $59,476.00, and a deficiency for the tax year 1986 in the amount of $27,509.00. The debtor and his wife had timely filed joint tax returns

for each of the years in question and had received refunds.

On May 17, 1990, the debtor and his wife filed a Petition For Redetermination with the United States Tax Court seeking a redetermination as to the alleged deficiencies owed to the creditor. Thereafter, on September 15, 1990, the debtor filed his individual petition under Chapter 7 of the Bankruptcy Code in this Court. The creditor was listed by the debtor as having a disputed priority claim on schedule A–1 to the petition. The filing of the bankruptcy petition stayed the proceedings before the tax court. The debtor then instituted the within adversary proceeding seeking a determination from this Court as to the dischargeability of the tax deficiencies for the years 1984 and 1985. The Court received factual testimony and the parties then submitted memoranda of law to the Court on the legal questions presented. The debtor does not concede nor does he contest at this time the correctness of the amounts claimed by the creditor, this matter being reserved until the question of dischargeability is decided.

In determining whether the tax obligations in question are dischargeable, this Court must initially focus its analysis on section 523(a)(1) of the Bankruptcy Code which provides as follows:

(a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed;

(ii) was filed after the date on which such return was last due, under applicable law or under extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax....

11 U.S.C. § 523(a)(1).

It is undisputed that section 523(a)(1)(A) governs the question of dischargeability in this instance in that the debtor and his wife timely filed their returns for the years in question, and there have been no allegations of fraudulent conduct on the part of the debtor or his wife. Because section 507(a)(2) of the Bankruptcy Code deals with unsecured claims that arise during the "gap period" between the filing of an involuntary case and the entry of the order for relief, this Court must next look to section 507(a)(7) dealing with unsecured claims of governmental units. Section 507(a)(7) provides as follows:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case....

11 U.S.C. § 507(a)(7).

Section 507(a)(7) is disjunctive: it classifies an unsecured claim for an unpaid income tax as a seventh priority claim on three alternative grounds. *In re Wood*, 78 B.R. 316, 319 (Bankr.M.D.Fla.1987). Therefore, an unsecured claim for an unpaid tax of the kind specified in any of the three subsec-

tions to section 507(a)(7)(A) is a nondischargeable claim. *Id.*

The debtor argued that the tax deficiencies are dischargeable pursuant to section 507(a)(7)(A)(i). The debtor's tax return for the year 1984 was due, and was filed, by April 15, 1985. Similarly, the debtor's tax return for the year 1985 was due, and was filed, by April 15, 1986. Since both returns were filed more than three years before the filing of the bankruptcy petition, the debtor argued that the tax deficiencies are dischargeable under section 507(a)(7)(A)(i). *In re Borck*, 81 B.R. 142 (Bankr.S.D.Fla.1987).

The debtor also argued the creditor was precluded from making an assessment for the 1984 and 1985 tax years in that the period of limitations for the creditor to make an assessment had lapsed. According to the debtor, under the Internal Revenue Code the creditor was only authorized to make an assessment within three years after each of the returns had been filed. 26 U.S.C.· § 6501(a) (1990). Since no assessment had been made by the creditor at the time of the filing of the Petition For Redetermination, and since the three year statute of limitations under section 6501(a) had already lapsed, the debtor argued that the creditor was forever barred from making an assessment for the tax deficiencies.

Conversely, the creditor contended that the dischargeability of the tax deficiencies was to be determined by analyzing section 507(a)(7)(A)(iii). The creditor argued that, pursuant to section 6213 of the Internal Revenue Code, the debtor's filing of the Petition For Redetermination in the tax court stayed all collection efforts and precluded the creditor from making an assessment on the deficiencies until the tax court rendered a final decision on the petition. 26 U.S.C. § 6213 (1990). Due to the subsequent filing of the bankruptcy case, all proceedings before the tax court were stayed. Because the taxes could not have been previously assessed by operation of section 6213 of the Internal Revenue Code, the creditor argued that the taxes are "assessable under applicable law after the commencement of the case" as provided in section 507(a)(7)(A)(iii). *In re Crist*, 85

B.R. 807 (Bankr.N.D.Iowa 1988); *In re Franklin*, 78 B.R. 118 (Bankr.E.D.Va. 1987).

Having reviewed the evidence presented as well as the memoranda of law submitted by the parties, this Court finds that the debtor's argument fails with respect to the dischargeability of the tax deficiencies for each of the years in question. With respect to the 1984 deficiency, the right of the creditor to make an assessment is determined by looking at the period of limitations for assessments and collections as stated in the Internal Revenue Code. Generally, as the debtor argued, where the taxpayer has filed a tax return no assessment may be made for a tax that is owing unless the assessment is made within three years of the filing of the return. 26 U.S.C. § 6501(a) (1990). However, section 6501(e) of the Internal Revenue Code authorizes the assessment or the commencement of collection proceedings anytime within the six years following the date the return was filed, where the taxpayer underestimated his income by greater than 25 percent on the return. 26 U.S.C. § 6501(e) (1990). Therefore, the creditor had the right to serve the debtor with the Notice of Deficiency with respect to the 1984 taxes. Because the debtor and his wife filed the Petition For Redetermination the creditor was prohibited from making an assessment on the 1984 deficiency until the tax court rendered a final decision. In turn, the tax court proceedings were stayed by virtue of the filing of the bankruptcy. Accordingly, the Court finds that the 1984 tax deficiency had not been assessed by the creditor, and by operation of section 6213 of the Internal Revenue Code, the deficiency is assessable after the commencement of the case and is, therefore, nondischargeable.

Similarly, the Court also finds that the 1985 tax deficiency had not been assessed but is assessable after the commencement of the bankruptcy case. In regard to the 1985 tax deficiency, the creditor served the Notice of Deficiency in March of 1989, within three years of the filing of the debtor's tax return. The mail-

ing of the Notice of Deficiency tolled the three year period of limitations for 90 days during which time the creditor was barred from making any further assessment against the debtor. 26 U.S.C. § 6503(a)(1) (1990). Within that 90 day period, in May of 1989, the debtor filed the Petition for Redetermination. Again, the filing of the petition prohibited the creditor from making an assessment on the tax deficiency until the tax court rendered a final decision. 26 U.S.C. § 6213 (1990). Because the tax court has not yet rendered a final decision, the 1985 tax deficiency is assessable after the commencement of the bankruptcy case. Therefore, the 1985 tax deficiency is also a priority nondischargeable obligation.

Based on the foregoing, the Court finds that the 1984 and 1985 tax deficiencies are nondischargeable, priority claims pursuant to 11 U.S.C. § 523(a)(1)(A) and 11 U.S.C. § 507(a)(7)(A)(iii).